JAMES H. & ELIZABETH K. DEISENROTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deisenroth v. Commissioner
Docket No. 4387-88
United States Tax Court
T.C. Memo 1989-642; 1989 Tax Ct. Memo LEXIS 642; 58 T.C.M. (CCH) 838; T.C.M. (RIA) 89642; December 6, 1989
Henry Kaelin, for the petitioners. Frederick W. Krieq, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar year 1984, respondent determined a deficiency in petitioners' income tax of $ 21,668.87. The sole issue presented for the Court to decide is whether, under the facts of this case, petitioners are entitled to average, over a ten-year period, the lump-sum distributions made to them in 1984 from the Louisville Valve and Fitting Company Profit Sharing Plan and Trust, in accordance with section 402(e) of the Internal Revenue Code. [1]
*643 The case was submitted to the Court on the basis of fully stipulated facts, pursuant to the provisions of Rule 122. All such stipulated facts are incorporated herein by this reference. At the time of filing their timely petition herein, petitioners were residents of Shively, Kentucky. Louisville Valve and Fitting Company was incorporated in Kentucky in 1970, and in 1983 it changed its name to J. & L. Enterprises, Inc.; it will be referred to hereinafter as the Corporation. Since the time of formation of the Corporation, petitioner James H. Deisenroth owned, at all relevant times, 100 percent of the outstanding stock of the Corporation, and both petitioners were, at all relevant times, employees of the Corporation until December 15, 1984. On December 17, 1980, but effective as of January 1, 1980, the Corporation adopted a master corporate profit sharing plan and trust, a nonintegrated plan, with respect to its employees. The plan required at least one year of service with the Corporation in order for an employee to become eligible to participate in the plan, and, as of the inception date of the plan, petitioners were eligible to participate, [2] and continued to participate *644 throughout the life of the plan and until its termination. The Corporation ceased operations in 1984 and adopted a plan of liquidation which was carried out by formal dissolution in 1985. Petitioners' vested interests in the Corporation's plan were distributed to them in lump sums on December 27, 1984, in the combined total for both petitioners of $ 47,606.07. In their 1984 income tax returns, petitioners claimed the right to average over a ten-year period the lump-sum benefits so received, under the provisions of section 402(e). In his statutory notice herein, respondent determined that petitioners were not entitled to the claimed ten-year averaging treatment. Because of concessions by petitioners on other issues in the case, the parties have agreed that decision may be entered in the amount of deficiency determined by respondent in the instant case if respondent prevails on the one remaining issue; they have also agreed as to the amount of deficiency if petitioners shall prevail. There is no dispute between the parties *645 as to the proper creation of the plan, the amounts contributed to the trust, the proper operation of the plan and trust, or that the above amounts were distributed to petitioners on the date shown. Petitioners, the Corporation, and the Profit Sharing Plan and Trust were all on the calendar year basis. For the calendar year 1984, the Internal Revenue Code imposed a special tax on certain lump-sum distributions in lieu of the regular rate of income tax. Under section 402(e)(1), such tax was arrived at, broadly stated, by dividing the total amount received in the lump-sum distribution by 10, then computing the tax applicable to such amount, and then multiplying the result by 10, so as to arrive at the effective tax on the lump-sum distribution. As a right to participate in this special computation, however, certain conditions were attached. As relevant in this case, section 402(e)(4)(H) provided: (H) Minimum Period of Service. -- For purposes of this subsection * * * no amount distributed to an employee from or under a plan may be treated as a lump sum distributed under subparagraph (A) [relating to the employee's age, death, disability or separation from service] unless he has *646 been a participant in the plan for 5 or more taxable years before the taxable year in which such amounts are distributed. The meaning of this Code section is plain; it requires that a taxpayer have been a participant in the plan in question for a period of five years or more prior to the year in which the lump-sum distribution is received, in order for such taxpayer to be eligible for the special "ten-year averaging" method of computing his tax, as provided by section 402(e)(1). It has been held that in computing the required period of five years preceding the year in which the distribution is made, a part of a year may be counted as a full year, see Boyer v. Commissioner, T.C. Memo. 1988-220. In the instant case, however, this does petitioners no good. The plan, and petitioners' participation therein, began on January 1, 1980. Thus, by December 27, 1984, the year in which the lump-sum distribution was made to petitioners, petitioners had been participants in the plan for only four years -- 1980, 1981, 1982, and 1983. These facts do not satisfy the clear and unambiguous requirement of Code section 402(e)(4)(H). Petitioners also argue that they should *647 be considered as participants in the plan for the year 1979 because, at that time, they were already eligible to be participants in such a plan by reason of their period of service with the Corporation. There is no support for this proposition either in authority or in logic. The requirements of eligibility are one thing, and the fact of participation is another thing. Neither petitioners nor anyone else can be deemed to be participants in a plan which does not exist, and, prior to January 1, 1980, the Corporation's plan involved herein simply did not exist. Whether or not petitioners satisfied the eligibility requirements to become participants in such a plan prior to January 1, 1980, does not ipso facto make them participants in a nonexistent plan. Under the facts presented in this case, and in view of the plain language of the statute, we must hold for respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1986, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. There is no apparent dispute between the parties that petitioners also met the second requirement for participation: that they be over the age of 24.↩